**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCOTT BISHINS and DARSHAN HASTHANTRA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CLEANSPARK, INC., ZACHARY BRADFORD, and S. MATTHEW SCHULTZ,<br><br>Defendants. | Case No. 1:21-cv-00511-LAP |

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF**
**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Lead Plaintiff Darshan Hasthantra and Plaintiff Scott Bishins (collectively "Plaintiffs") hereby respectfully request that the Court take judicial notice of Exhibits 1-12 attached to the Declaration of Gregory B. Linkh filed herewith, in support of Plaintiffs' opposition to the motion to dismiss filed by Defendants CleanSpark, Inc., Zachary Bradford, and S. Matthew Schultz (the "Opposition"). For the reasons set forth below, judicial notice of Exhibits 1-12 is appropriate.

## I.       STANDARD FOR JUDICIAL NOTICE

Rule 201(b) of the Federal Rules of Evidence provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See also Kravitz v. Tavlarios et al.*, 2021 WL 5365582, at *3 (2d Cir. Nov. 18, 2021). Additionally, Rule 201(d) provides that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." The documents for which Plaintiffs seek judicial notice satisfy this standard.

In considering a Rule 12(b)(6) motion, a court may examine documents incorporated into the complaint by reference and the matters of which a court may take judicial notice. *Tellabs Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).

## II.      PLAINTIFFS SUBMIT MATERIALS THAT ARE PROPER SUBJECTS FOR JUDICIAL NOTICE

Plaintiffs seek to have the Court take judicial notice of Exhibit 2, a chart of the Company's stock price and market capitalization with data gathered from Bloomberg L.P., last accessed June 27, 2022. Courts "may take judicial notice of well-publicized stock prices without converting the motion to dismiss into a motion for summary judgment." *In re IPO Sec. Litig*., 383 F. Supp. 2d 566 574 (S.D.N.Y. 2005) (quoting *Ganino v. Citizens Utilities Co*., 228 F.3d 154, 167 n.8 (2d Cir. 2000)); *see also Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.,* 2011 WL

1253250, at *1 n.3 (D. Ariz. Mar. 31, 2011) (taking judicial notice of a "print out from Bloomberg Finance L.P." documenting historical stock data).

Plaintiffs seek to have the Court take judicial notice of Exhibits 3-10, which include a chart (Exhibit 3) reflecting the Company's net income as reported in the Company's Forms 10-Q and 10-K (Exhibits 4-11). Plaintiffs also seek to have the Court take judicial notice of Exhibit 1, an investor presentation filed with the SEC. "[A] district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *see also, e.g.*, *In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 357 (S.D.N.Y. 2003) (holding that courts can properly take judicial notice of "public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission"); *Kleinman v. Elan Corp., plc*, 706 F.3d 145, 152 (2d Cir. 2013).

Lastly, Plaintiffs seek judicial notice of Exhibits 11 and 12, which are pleadings cited in the Opposition. Courts may take judicial notice of complaints filed in other federal courts. *Rothstein v. Balboa Ins. Co*., 2014 WL 4179879, at *1 (2d. Cir. Jun. 25, 2014); s*ee also Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of another complaint "as a public record").

Here, Plaintiffs submit the following exhibits that are therefore the proper subject of judicial notice:

1. Exhibit 1 is a true and correct copy of an investor presentation attached as Exhibit 99.1 to a Form 8-K filed with the Securities and Exchange Commission ("SEC") on March 25, 2022.

2. Exhibit 2 is a chart prepared at my direction that provides a true and correct reflection of CleanSpark's stock price and market capitalization on certain selected dates. The data for this chart was downloaded from Bloomberg L.P and last accessed June 27, 2022.

3. Exhibit 3 is a chart prepared at my direction that provides a true and correct reflection of CleanSpark's net income or net loss for the six quarters between the first quarter of fiscal 2021 (Q1'21) through the second quarter of fiscal 2022 (Q2'22), inclusive. The data for this chart was derived from CleanSpark's Forms 10-Q and Forms 10-K filed with the SEC and reflected in Exhibits 4 – 10.

4. Exhibit 4 are true and correct copies of relevant excerpts of CleanSpark's Form 10-K for the fiscal year ending September 30, 2020 filed with the SEC on December 17, 2020.

5. Exhibit 5 are true and correct copies of relevant excerpts of CleanSpark's Form 10-Q for the quarter ending December 31, 2020 filed with the SEC on February 12, 2021.

6. Exhibit 6 are true and correct copies of relevant excerpts of CleanSpark's Form 10-Q for the quarter ending March 31, 2021 filed with the SEC on May 6, 2021.

7. Exhibit 7 are true and correct copies of relevant excerpts of CleanSpark's Form 10-Q for the quarter ending June 30, 2021 filed with the SEC on August 16, 2021.

8. Exhibit 8 are true and correct copies of relevant excerpts of CleanSpark's Form 10-K for the fiscal year ending September 30, 2021 filed with the SEC on December 14, 2021.

9. Exhibit 9 are true and correct copies of relevant excerpts of CleanSpark's Form 10-Q for the quarter ending December 31, 2021 filed with the SEC on February 9, 2022.

10. Exhibit 10 are true and correct copies of relevant excerpts of CleanSpark's Form 10-Q for the quarter ending March 31, 2022 filed with the SEC on May 10, 2022.

11. Exhibit 11 are true and correct copies of relevant excerpts of the Opposition to Motion to Dismiss in *In re NovaGold Res. Inc. Sec. Litig.*, Case No. 08-cv-07041-DLC (S.D.N.Y filed on Feb. 13, 2009).

12. Exhibit 12 are true and correct copies of relevant excerpts of the Corrected Second Amended Class Action Complaint in *Wilson v. LSB Indus., Inc.*, Case No. 1:15-cv-07614-RA (S.D.N.Y. filed on Apr. 5, 2017).

## III. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' request for judicial notice.

Dated: June 27, 2022

**GLANCY PRONGAY & MURRAY LLP**

By: */s/Gregory B. Linkh*

Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

-and-

Robert V. Prongay (*pro hac vice*)
Christopher R. Fallon (*pro hac vice* pending)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz (*pro hac vice*)
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Attorneys for Lead Plaintiff Darshan Hasthantra and Plaintiff Scott Bishins*

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. June 27, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 27, 2022, at New York, New York.

*/s/ Gregory B. Linkh*_____
Gregory B. Linkh
