UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT BISHINS and DARSHAN HASTHANTRA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> - against - <br><br> CLEANSPARK, INC., ZACHARY BRADFORD, and S. MATTHEW SCHULTZ, <br><br> Defendants. | Case No. 1:21-cv-00511-LAP <br><br> **ANSWER AND AFFIRMATIVE DEFENSES** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CLEANSPARK, INC., ZACHARY BRADFORD, AND S. MATTHEW SCHULTZ**

Defendants CleanSpark, Inc., ("CleanSpark"), Zachary Bradford, ("Bradford") and S. Matthew Schultz ("Schultz") (collectively, "Defendants") by their attorneys Wilk Auslander LLP, hereby answer the Amended Complaint of Plaintiffs Scott Bishins ("Bishins") and Darshan Hasthantra ("Hasthantra") (collectively, "Plaintiffs"), dated February 28, 2022 (the "Amended Complaint") as follows:

I.    **NATURE OF THE ACTION AND OVERVIEW**[1]

1.    Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 1 of the Amended Complaint, except admit that Plaintiffs purport to bring class claims pursuant to the statute cited in the Amended Complaint.

---

[1] All titles and headings mirror the titles and headings of the Amended Complaint, and are included here solely for ease of reference. By doing so, Defendants in no way admit or agree to the substance of any such titles or headings. Rather, Defendants respond generally that the headings and subheadings set forth in the Amended Complaint do not constitute factual averments requiring a response. To the extent that a response is deemed necessary, Defendants deny each and every heading and subheading in the Amended Complaint.

2.      Defendants deny the allegations contained in paragraph 2 of the Amended Complaint, which attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content.

3.      Defendants admit only that CleanSpark announced the acquisition of ATL Data Centers, Inc. ("ATL") on December 10, 2020, and that ATL's business consisted of a data center and Bitcoin mining operation.  Defendants deny the remaining allegations contained in paragraph 3 of the Amended Complaint, which attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content.  Defendants further state that the allegations concerning "a compelling value thesis" do not constitute factual averments requiring a response.  To the extent such allegations require a response, Defendants deny them.

4.      Defendants deny the allegations contained in paragraph 4 of the Amended Complaint, which attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content.

5.      Defendants deny the allegations contained in paragraph 5 of the Amended Complaint, which attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content.

6.      Defendants admit only that a short-seller called Culper Research published a report dated January 14, 2021.  Defendants deny the remaining allegations contained in

paragraph 6 of the Amended Complaint, which attempt to quote a document that speaks for itself, and refer the Court to the document referenced therein for its content.

7.      Defendants admit only that CleanSpark's share price closed at $35.71 per share on January 14, 2021 and $31.15 per share on January 15, 2021.  Defendants deny the remaining allegations contained in paragraph 7 of the Amended Complaint, which attempt to summarize and characterize a historical state of events that are a matter of public record.  Defendants further state that to the extent paragraph 7 asserts conclusions of law, no response is required.

8.      Defendants admit only that CleanSpark issued a press release on January 21, 2021.  Defendants deny the remaining allegations contained in paragraph 8 of the Amended Complaint, which attempt to quote a document that speaks for itself, and refer the Court to the document referenced therein for their content.

9.      Defendants deny the allegations contained in paragraph 9 of the Amended Complaint, which attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content.

10.     Defendants deny the allegations contained in paragraph 10 of the Amended Complaint, which attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content, and Defendants deny the remaining allegations in paragraph 10 of the Amended Complaint.

11.     Defendants deny the allegations contained in paragraph 11 of the Amended Complaint, except lack knowledge and information sufficient to admit or deny the allegations

contained in paragraph 11 of the Amended Complaint describing purported statements attributed to an unnamed purported former employee.

12.     Defendants admit only that CleanSpark issued a press release dated August 17, 2021.  Defendants deny those allegations contained in paragraph 12 of the Amended Complaint that attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content. Defendants further deny those allegations contained in paragraph 12 of the Amended Complaint that attempt to summarize and characterize a historical state of events that are a matter of public record.  The remaining allegations in paragraph 12 state a conclusion of law to which no response is required.

13.     Defendants admit only that CleanSpark issued a press release dated December 14, 2021.  Defendants deny the remaining allegations contained in paragraph 13 of the Amended Complaint, which attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content.

14.     Defendants deny the allegations contained in paragraph 14 of the Amended Complaint. To the extent the allegations contained in paragraph 14 of the Amended Complaint state a conclusion of law, no response is required.

## II.    JURSIDICTION AND VENUE

15.     The allegations contained in paragraph 15 of the Amended Complaint state a conclusion of law to which no response is required.

16.     The allegations contained in paragraph 16 of the Amended Complaint state a conclusion of law to which no response is required.

17.     The allegations contained in paragraph 17 of the Amended Complaint state a conclusion of law to which no response is required.

18.     The allegations contained in paragraph 18 of the Amended Complaint state a conclusion of law to which no response is required.

## III.   PARTIES

19.     Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 19 of the Amended Complaint.

20.     Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 20 of the Amended Complaint.

21.     Defendants admit the allegations contained in paragraph 21 of the Amended Complaint.

22.     Defendants admit only that Bradford: (i) has served as CleanSpark's Chief Executive Officer ("CEO") and President since October 2019; (ii) served as CleanSpark's Chief Financial Officer ("CFO") from 2014 through October 2019; (iii) has been a Director of CleanSpark since March 2014; (iv) was engaged as CFO of Epic Stores Corp. in March 2015, which reverse merged into Be At TV, Inc. in June 2015, with Bradford becoming the CFO of the combined company ; (v) co-founded and holds an ownership interest in Bluechip Advisors, LLC, which from time-to-time has provided consulting services to various public and private companies; (vi) earned undergraduate and graduate degrees from Southern Utah University; (vii) is licensed as a Certified Public Accountant in Nevada; and (viii) is a member of the American Institute of Certified Public Accountants.   Defendants deny the remaining allegations contained in paragraph 22 of the Amended Complaint.

23.     Defendants admit that Schultz has served as: (i) CleanSpark's Chairman of the Board since October 2019, (ii) its Director since March 2014, (iii) its CEO from 2014 through October 2019, and (iv) its Executive Chairman since October 2020.  Defendants further admit that Schultz served in the remaining positions listed in paragraph 23 of the Amended Complaint, but lack knowledge and information sufficient to admit or deny the dates during which Schultz served in those positions.

24.     The allegations contained in paragraph 24 of the Amended Complaint state conclusions of law to which no response is required.

## IV.     SUBSTANTIVE ALLEGATIONS

### A.  Background Of CleanSpark's Business And Relevant Pre-Class Period Events

25.     Defendants admit only that CleanSpark is an alternative energy company and that CleanSpark filed a Form 10-K on December 17, 2020.  Defendants deny the remaining allegations contained in paragraph 25 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

26.     Defendants admit only that CleanSpark filed a Form 10-K on December 14, 2021. Defendants deny the remaining allegations contained in paragraph 26 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

27.     Defendants admit only that Bradford participated in a conference call with analysts on December 14, 2021.  Defendants deny those allegations contained in paragraph 27 of the Amended Complaint that attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or

public statements referenced therein for their content.  Defendants deny the remaining allegations in paragraph 27 of the Amended Complaint.

28.    Defendants admit only that on October 6, 2020, CleanSpark announced a public offering and that on October 9, 2020, CleanSpark announced that the offering had closed. Defendants deny the remaining allegations contained in paragraph 28 of the Amended Complaint, which attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content.

**B.  Background on the Bitcoin Mining Industry**

29.    Defendants deny that the allegations of paragraph 29 of the Amended Complaint provide a complete and/or accurate description of the aspects of bitcoin mining purportedly described.

30.    Defendants deny that the allegations of paragraph 30 of the Amended Complaint provide a complete and/or accurate description of the aspects of bitcoin mining purportedly described.

31.    Defendants deny that the allegations of paragraph 31 of the Amended Complaint provide a complete and/or accurate description of the aspects of bitcoin mining purportedly described.

32.    Defendants deny that the allegations of paragraph 32 of the Amended Complaint provide a complete and/or accurate description of the aspects of bitcoin mining purportedly described.

33.    Defendants deny that the allegations of paragraph 33 of the Amended Complaint provide a complete and/or accurate description of the aspects of bitcoin mining purportedly

described.  Defendants deny the remaining allegations in paragraph 33, which attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content.

**C. CleanSpark Announces Acquisition of ATL Data Centers, Inc.**

34.     Defendants admit only that CleanSpark announced the acquisition of ATL on December 10, 2020.  Defendants deny the remaining allegations contained in paragraph 34 of the Amended Complaint which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for their content.

35.     Defendants admit only that CleanSpark issued a press release dated December 10, 2020.  Defendants deny the remaining allegations contained in paragraph 35 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

36.     Defendants admit only that CleanSpark issued a press release dated December 10, 2020.  Defendants deny the remaining allegations contained in paragraph 36 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

37.     Defendants admit only that CleanSpark issued a press release dated December 10, 2020.  Defendants deny the remaining allegations contained in paragraph 37 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

38.     Defendants admit only that on December 10, 2020, CleanSpark issued a press release and on December 10, 2020, CleanSpark held a virtual conference hosted by Water Tower

Research. Defendants deny the remaining allegations contained in paragraph 38 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document and public statements that speak for themselves, and refer the Court to the document and/or public statements referenced therein for their content.

39.    Defendants deny the allegations contained in paragraph 39 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document and/or public statement which speaks for itself, and refer the Court to the document and/or public statement referenced therein for their content.

40.    Defendants deny the allegations contained in paragraph 40 of the Amended Complaint, which attempt to summarize and characterize a historical state of events that are a matter of public record.

41.    Defendants deny the allegations contained in paragraph 41 of the Amended Complaint, which attempt to summarize and characterize a historical state of events that are a matter of public record.

42.    Defendants admit only that, on December 17, 2020, CleanSpark announced its financial results for the fiscal year ending September 30, 2020, and that on December 18, 2020, December 22, 2020, and December 31, 2020, CleanSpark issued press releases.  Defendants deny the remaining allegations contained in paragraph 42 of the Amended Complaint, which attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content.

43.    Defendants admit only that, on January 5, 2021, CleanSpark issued a press release.  Defendants deny the remaining allegations contained in paragraph 43 of the Amended

Complaint, which attempt to quote and/or summarize and characterize a document and/or public statement which speaks for itself, and refer the Court to the document and/or public statement referenced therein for their content.

44.     Defendants deny the allegations contained in paragraph 44 of the Amended Complaint, which attempt to summarize and characterize a historical state of events which are a matter of public record.

**D. Culper Research Publishes a Report that Partially Reveals the Truth Concerning the ATL Acquisition**

45.     Defendants admit only that short-seller Culper Research published a report on January 14, 2021 entitled "CleanSpark, Inc. (CLSK) – Back to the Trash Can." and that Marathon issued press releases dated August 26, 2020 and September 17, 2020.  Defendants deny the remaining allegations contained in paragraph 45 of the Amended Complaint, which attempt to quote and/or summarize and characterize a documents that speak for themselves, and refer the Court to the documents referenced therein for their content.

46.     Defendants admit only that short-seller Culper Research published a report on January 14, 2021.  Defendants deny the remaining allegations contained in paragraph 46 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for their content.

47.     Defendants admit only that Marathon issued a press release dated August 26, 2020 and September 17, 2020.  Defendants deny the allegations contained in paragraph 47 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for their content.

48.     Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 49 of the Amended Complaint, except to the extent the

allegations purport to quote and/or summarize and characterize a document, in which case Defendants refer the Court to that document for their content.

49.     Defendants deny the allegations contained in paragraph 49 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

50.     Defendants deny the allegations contained in paragraph 50 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for their content.

51.     Defendants deny the allegations contained in paragraph 51 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for their content.

52.     Defendants admit only that CleanSpark's share price closed at $35.71 per share on January 14, 2021.  Defendants deny those allegations contained in paragraph 52 of the Amended Complaint that attempt to summarize and characterize a historical state of events that are a matter of public record. The remaining allegations in paragraph 52 state a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in paragraph 52 of the Amended Complaint.

53.     Defendants admit only that on January 21, 2021, CleanSpark issued a press release.  Defendants deny the remaining allegations contained in paragraph 53 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

54.     Defendants deny the allegations contained in paragraph 54 of the Amended Complaints.

11

E.  **The Undisclosed Background of ATL**

1.  **ATL's Undisclosed Corporate History And Its Undisclosed Relationship to Fastblock**

55.   Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 55 of the Amended Complaint.

56.   Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 56 of the Amended Complaint.

57.   Defendants admit the allegations contained in paragraph 57 of the Amended Complaint.

58.   Defendants lack knowledge and information sufficient to admit or deny Oken's ownership of the entities alleged in paragraph 57 of the Amended Complaint.  Defendants admit the remaining allegations contained in paragraph 58 of the Amended Complaint.

59.   Defendants deny the allegations contained in paragraph 59 of the Amended Complaint, which attempt to quote and/or summarize and characterize documents that speak for themselves, and refer the Court to the documents referenced therein for their content. Defendants further lack knowledge and information sufficient to admit or deny the remaining allegations contained in paragraph 59 of the Amended Complaint.

60.   Defendants deny those allegations contained in paragraph 60 of the Amended Complaint that attempt to quote and/or summarize and characterize documents that speak for themselves, and refer the Court to the documents referenced therein for their content. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations contained in paragraph 60 of the Amended Complaint.

61.   Defendants deny those allegations contained in paragraph 61 of the Amended Complaint that attempt to quote and/or summarize and characterize documents that speak for

12

themselves, and refer the Court to the documents referenced therein for their content. Defendants further lack knowledge and information sufficient to admit or deny the remaining allegations contained in paragraph 61 of the Amended Complaint.

62.    Defendants deny the allegations contained in paragraph 62 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for their content. Defendants further lack knowledge and information sufficient to admit or deny the remaining allegations contained in paragraph 62 of the Amended Complaint.

63.    Defendants deny those allegations contained in paragraph 63 of the Amended Complaint that attempt to quote and/or summarize and characterize documents which speak for themselves, and refer the Court to the documents referenced therein for their content. Defendants further lack knowledge and information sufficient to admit or deny the remaining allegations contained in paragraph 63 of the Amended Complaint, except Defendants deny the allegation of paragraph 63(k).

64.    Defendants deny the allegations contained in paragraph 64 of the Amended Complaint.

65.    Defendants deny the allegations contained in paragraph 65 of the Amended Complaint, which attempt to quote and/or summarize and characterize documents which speak for themselves, and refer the Court to the documents referenced therein for their content. Defendants further lack knowledge and information sufficient to admit or deny the remaining allegations contained in paragraph 65 of the Amended Complaint.

66.    Defendants deny the allegations contained in paragraph 66 of the Amended Complaint.

**2. Additional Undisclosed Conditions at ATL Prior to and Following CleanSpark's Acquisition**

67. Defendants deny the allegations contained in paragraph 67 of the Amended Complaint, except lack knowledge and information sufficient to admit or deny allegations describing purported statements attributed to a former employee.

68. Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 68 of the Amended Complaint, including allegations describing purported statements attributed to "FE1."

69. Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 69 of the Amended Complaint, including allegations describing purported statements attributed to "FE1."

70. Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 70 of the Amended Complaint, including allegations describing purported statements attributed to "FE1."

71. Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 71 of the Amended Complaint, including allegations describing purported statements attributed to "FE1."

72. Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 72 of the Amended Complaint, including allegations describing purported statements attributed to "FE1."

73. Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 73 of the Amended Complaint, including allegations describing purported statements attributed to "FE1."

74. Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 74 of the Amended Complaint, including allegations describing purported statements attributed to "FE1."

75. Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 75 of the Amended Complaint, including allegations describing purported statements attributed to "FE1."

76. Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 76 of the Amended Complaint, including allegations describing purported statements attributed to "FE1."

77. Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 77 of the Amended Complaint, including allegations describing purported statements attributed to "FE1."

78. Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 78 of the Amended Complaint, including allegations describing purported statements attributed to "FE1."

79. Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 79 of the Amended Complaint, including allegations describing purported statements attributed to "FE1," Schucman, a lawyer "assisting with the acquisition," or Lorne Greenfield.

**F. Following The ATL Acquisition, Defendants Continued To Make Misleading Statements Concerning The Project Timeline While Corrective Information Was Slowly Leaked To The Market In A Series Of Partial Disclosures**

80. Defendants admit only that CleanSpark issued a press release dated December 10, 2020, and as of that date, it did not have a contract with a general contractor, a contract for the

build of the mining container units, or construction permits. Defendants further deny those remaining allegations contained in paragraph 80 of the Amended Complaint that attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content. Defendants deny the remaining allegations contained in paragraph 80 of the Amended Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the Amended Complaint.

82.     Defendants admit only that CleanSpark entered into a contract with a third party to house and power Bitcoin mining equipment and acquired another data center.  Defendants deny the remaining allegations contained in paragraph 82 of the Amended Complaint.

83.     Defendants deny the allegations contained in paragraph 82 of the Amended Complaint.

1.  **Following the ATL Acquisition, CleanSpark Immediately Began to Purchase New Bitcoin Mining Equipment**

84.     Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 84 of the Amended Complaint, including allegations describing purported statements attributed to "FE1."

85.     Defendants admit only that on December 18, 2020 and December 22, 2020, CleanSpark issued press releases.  Defendants deny the remaining allegations contained in paragraph 85 of the Amended Complaint, which attempt to quote and/or summarize and characterize documents which speak for themselves, and refer the Court to the documents referenced therein for their content.

16

86.    Defendants deny the allegations contained in paragraph 86 of the Amended Complaint.

87.    Defendants admit only that CleanSpark made announcements on March 2, 2021, March 9, 2021, March 26, 2021, April 1, 2021, April 8, 2021, April 15, 2021, May 13, 2021, August 3, 2021, and August 10, 2021.  Defendants deny the remaining allegations contained in paragraph 87 of the Amended Complaint, which attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content.

**2.    During February and March 2021, Defendants Made Incremental Revisions to the Publicly Stated Project Timeline, But Each of These Projections Ignored Material Facts and Failed to Provide a Realistic Timeframe for Project Completion**

88.    Defendants admit only that CleanSpark announced its financial results for the fiscal quarter ending December 31, 2020 and issued a press release on February 12, 2021. Defendants deny the remaining allegations contained in paragraph 88 of the Amended Complaint, which attempt to quote and/or summarize and characterize documents which speak for themselves, and refer the Court to the documents referenced therein for their content.

89.    Defendants admit only that CleanSpark's share price closed at $28.23 per share on February 12, 2021.  Defendants deny those remaining allegations contained in paragraph 89 of the Amended Complaint that attempt to summarize and characterize a historical state of events that is a matter of public record. The remaining allegations in paragraph 89 state a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations of paragraph 89 of the Amended Complaint.

90.    Defendants admit only that CleanSpark issued a press release dated February 12, 2021 and that, as of that date, CleanSpark and ATL did not have a contract with a general

contractor, a contract for the build of the mining container units, or completed architectural and engineering drawings.  Defendants deny the remaining allegations in paragraph 90 of the Amended Complaint.

91.    Defendants admit only that on February 18, 2021, CleanSpark held a virtual conference.  Defendants deny the remaining allegations contained in paragraph 91 of the Amended Complaint, which attempt to quote and/or summarize and characterize a public statement that speaks for itself, and refer the Court to the public statement referenced therein for its content.

92.    Defendants admit only that on February 18, 2021, CleanSpark held a virtual conference and that, as of that date, CleanSpark and ATL did not have a contract with a general contractor, a contract for the build of the mining container units, or completed architectural and engineering drawings.  Defendants deny the remaining allegations in paragraph 92 of the Amended Complaint.

93.     Defendants admit only that CleanSpark issued a press release on March 2, 2021. Defendants deny the remaining allegations contained in paragraph 93 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for their content.

94.    Defendants deny those allegations contained in paragraph 94 of the Amended Complaint that attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content. Defendants further lack knowledge and information sufficient to admit or deny the allegations describing purported statements attributed

18

to "FE1," and deny the remaining allegations contained in paragraph 94 of the Amended Complaint.

### 3. In March 2021, CleanSpark Conducted a $200 Million Public Offering to Finance its Expansion Project

95.    Defendants admit only that, on March 15, 2021, CleanSpark issued a press release announcing that it would be conducting a $200 million underwritten public offering of 9,090,910 shares of common stock at a public offering price of $22.00 per share.  Defendants deny those remaining allegations contained in paragraph 95 of the Amended Complaint that attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content.   Defendants lack knowledge and information sufficient to admit or deny the allegations describing purported statements attributed to "FE1."

96.    Defendants admit only that CleanSpark's share price closed at $22.68 per share on March 16, 2021.  Defendants deny those remaining allegations contained in paragraph 96 of the Amended Complaint that attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content. The remaining allegations in paragraph 96 state a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in paragraph 96 of the Amended Complaint.

### 4. During the Spring of 2021, Defendants Pushed Back the Project Completion Date to the End of Summer of 2021

97.    Defendants admit only that CleanSpark issued a press release on March 26, 2021 entitled "CleanSpark Purchases Bitcoin Mining Equipment and Infrastructure; Discloses Current 95% Carbon-Free Mining." Defendants deny the remaining allegations contained in paragraph

97 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

98. Defendants admit only that CleanSpark issued a press release on April 15, 2021, and deny the remaining allegations contained in paragraph 98 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

99. Defendants admit only that CleanSpark issued a press release on May 6, 2021 announcing its financial results for the quarter ending March 31, 2021, and deny the remaining allegations contained in paragraph 99 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

100. Defendants lack knowledge and information sufficient to admit or deny the allegations describing purported statements and/or actions attributed to "FE1" in paragraph 100 of the Amended Complaint. Defendants deny the remaining allegations in paragraph 100 of the Amended Complaint.

### 5. In June 2021, Culper Research Issued a Second Report, Revealing Additional Risks about CleanSpark's Bitcoin Mining Business

101. Defendants admit only that Culper Research issued a report dated June 18, 2021 entitled "CleanSpark, Inc. (CLSK): Mining Operations Don't Add Up." Defendant denies the remaining allegations contained in paragraph 101 of the Amended Complaint.

102. Defendants deny the allegations contained in paragraph 102 of the Amended Complaint.

103.    Defendants deny the allegations contained in paragraph 103 of the Amended Complaint.

104.    Defendants deny the allegations contained in paragraph 104 of the Amended Complaint.

105.    Defendants admit only that CleanSpark's share price closed at $18.71 per share on June 18, 2021 and $17.16 per share on June 21, 2021.  Defendants deny those remaining allegations contained in paragraph 105 of the Amended Complaint that attempt to summarize and characterize a historical state of events that are a matter of public record. The remaining allegations in paragraph 105 state a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in paragraph 105 of the Amended Complaint.

**6.  In July and August 2021, Defendants Announced that CleanSpark was Engaging in Alternative Means to Expand its Bitcoin Mining Capacity while the ATL Expansion Project was Delayed**

106.    Defendants admit only that CleanSpark issued a press release dated July 14, 2021 and filed a Form 8-K on July 14, 2021.  Defendants deny the remaining allegations contained in paragraph 106 of the Amended Complaint, which attempt to quote and/or summarize and characterize documents that speak for themselves, and refer the Court to the documents referenced therein for their content.

107.    Defendants deny the allegations contained in paragraph 107 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for their content.

108.    Defendants admit only that CleanSpark filed a Form 10-Q August 16, 2021. Defendants deny the remaining allegations contained in paragraph 108 of the Amended

Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for their content. The remaining allegations in paragraph 108 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 108 of the Amended Complaint.

109.    Defendants deny the remaining allegations contained in paragraph 109 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

**7. On August 17, 2021, Defendants Announce that the Power Expansion at the ATL Facility Would Not Be Complete Until the Fall of 2021**

110.    Defendants admit only that on August 17, 2021, CleanSpark issued a press release announcing its financial results for the fiscal quarter ending June 30, 2021. Defendants deny the remaining allegations contained in paragraph 110 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

111.    Defendants deny the allegations contained in paragraph 111 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for their content.

112.    Defendants admit only that CleanSpark's share price closed at $11.65 per share on August 17, 2021. Defendants deny those remaining allegations contained in paragraph 112 of the Amended Complaint that attempt to summarize and characterize a historical state of events that are a matter of public record. The remaining allegations in paragraph 112 state a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 112 of the Amended Complaint.

**8.    Following the End of the Class Period, Defendants Admit that the Power Expansion at the End of the ATL Facility was Still Not Complete as of the Middle of December 2021**

113.    Defendants admit only that CleanSpark held an earnings call on December 14, 2021. Defendants deny the remaining allegations contained in paragraph 113 of the Amended Complaint, which attempt to quote and/or summarize and characterize a public statement which speaks for itself, and refer the Court to the public statement referenced therein for its content. Defendants further deny the remaining allegations contained in paragraph 113.

114.    Defendants deny the allegations contained in paragraph 114 of the Amended Complaint, which attempt to quote and/or summarize and characterize a public statement which speaks for itself, and refer the Court to the public statement referenced therein for its content.

115.    Defendants admit only that Rachel Silverstein is CleanSpark's General Counsel. Defendants deny the allegations contained in paragraph 115 of the Amended Complaint, which attempt to quote and/or summarize and characterize a public statement which speaks for itself, and refer the Court to the public statement referenced therein for their content.

116.    Defendants deny the remaining allegations contained in paragraph 116 of the Amended Complaint, which attempt to quote and/or summarize and characterize a public statement that speaks for itself, and refer the Court to the public statement referenced therein for its content.

117.    Defendants deny the allegations contained in paragraph 117 of the Amended Complaint, which attempt to quote and/or summarize and characterize a public statement that speaks for itself, and refer the Court to the public statement referenced therein for its content.

## V.    MATERIALLY FALSE AND MISLEADING STATEMENTS ISSUED DURING THE CLASS PERIOD

118.    Defendants admit only that CleanSpark issued a press release on December 10, 2020, that CleanSpark filed a Form 8-K on December 10, 2020, and that the aforementioned press release was attached as Exhibit 99.1 to that Form 8-K. Defendants deny the remaining allegations contained in paragraph 118 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for their content.  The remaining allegations in paragraph 118 state a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in paragraph 118 of the Amended Complaint.

119.    Defendants deny the allegations contained in paragraph 119 of the Amended Complaint.

120.    Defendants admit only that CleanSpark held a virtual conference on December 10, 2020 hosted by Water Tower Research. Defendants deny the remaining allegations contained in paragraph 120 of the Amended Complaint, which attempt to quote and/or summarize and characterize documents and/or public statements that speak for themselves, and refer the Court to the documents and/or public statements referenced therein for their content.

121.    Defendants deny the allegations contained in paragraph 121 of the Amended Complaint.

122.    Defendants admit only that on December 31, 2020, CleanSpark issued a press release, that CleanSpark filed a Form 8-K on December 31, 2020, and that the aforementioned press release was attached as Exhibit 99.1 to that Form 8-K. Defendants deny the remaining allegations contained in paragraph 122 of the Amended Complaint, which attempt to quote

24

and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

123.    Defendants deny the allegations contained in paragraph 123 of the Amended Complaint.

124.    Defendants admit only that on January 5, 2021, CleanSpark issued a press release. Defendants deny the remaining allegations contained in paragraph 124 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

125.    Defendants deny the allegations contained in paragraph 125 of the Amended Complaint.

126.    Defendants admit only that on February 12, 2021, CleanSpark issued a press release, that CleanSpark filed a Form 8-K on February 12, 2021, and that the aforementioned press release was attached as Exhibit 99.1 to that Form 8-K.  Defendants deny the remaining allegations contained in paragraph 126 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for their content.

127.    Defendants deny the allegations contained in paragraph 127 of the Amended Complaint. To the extent the allegations in paragraph 127 state a conclusion of law, no response is required.

128.    Defendants admit only that on February 18, 2021, CleanSpark held a virtual conference. Defendants deny the remaining allegations contained in paragraph 128 of the Amended Complaint, which attempt to quote and/or summarize and characterize public

statements that speaks for themselves, and refer the Court to the public statements referenced therein for their content.

129. Defendants deny the allegations contained in paragraph 129 of the Amended Complaint.

130. Defendants admit only that CleanSpark issued a press release dated March 1, 2021, that CleanSpark filed a Form 8-K on March 1, 2021, and that aforementioned press release was attached as Exhibit 99.1 to that Form 8-K. Defendants deny the remaining allegations contained in paragraph 130 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

131. Defendants deny the allegations contained in paragraph 131 of the Amended Complaint.

132. Defendants admit only that on March 26, 2021, CleanSpark issued a press release entitled "CleanSpark Purchases Bitcoin Mining Equipment and Infrastructure; Discloses Current 95% Carbon-Free Mining." Defendants deny the remaining allegations contained in paragraph 132 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

133. Defendants deny the allegations contained in paragraph 133 of the Amended Complaint.

134. Defendants admit only that on April 15, 2021, CleanSpark issued a press release entitled "CleanSpark Purchases 22,680 Additional Bitcoin Miners and Anticipates 3.2 EH/s Capacity After Deployment." Defendants deny the remaining allegations contained in paragraph

134 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for their content.

135. Defendants deny the allegations contained in paragraph 135 of the Amended Complaint.

136. Defendants admit only that on May 6, 2021, CleanSpark issued a press release, that and that CleanSpark filed a Form 8-K on May 7, 2021, and that the aforementioned press release was attached as Exhibit 99.1 to that Form 8-K. Defendants deny the remaining allegations contained in paragraph 136 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for their content.

137. Defendants deny the allegations contained in paragraph 137 of the Amended Complaint.

## VI.   UNDISCLOSED ADVERSE FACTS

138. Defendants deny the allegations contained in paragraph 138 of the Amended Complaint. To the extent the allegations in paragraph 138 state a conclusion of law, no response is required.

139. Defendants deny the allegations contained in paragraph 139 of the Amended Complaint. To the extent the allegations in paragraph 139 state a conclusion of law, no response is required.

140. Defendants deny the allegations contained in paragraph 140 of the Amended Complaint. To the extent the allegations in paragraph 140 state a conclusion of law, no response is required.

## VII.   ADDITIONAL SCIENTER ALLEGATIONS

141.   Defendants deny the allegations contained in paragraph 141 of the Amended Complaint. To the extent the allegations in paragraph 141 state a conclusion of law, no response is required.

### A.   The Company Never Responded to Questions Posed by Culper Research

142.   Defendants deny the allegations contained in paragraph 142 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

143.   Defendants deny the allegations contained in paragraph 143 of the Amended Complaint.

144.   Defendants admit only that on January 21, 2021, CleanSpark issued a press release entitled "CleanSpark Investigating Short Seller Culper Research."  Defendants deny the remaining allegations contained in paragraph 144 of the Amended Complaint, which attempt to quote and/or summarize and characterize a document that speaks for itself, and refer the Court to the document referenced therein for its content.

145.   Defendants deny the allegations contained in paragraph 145 of the Amended Complaint.

### B.   Management Refused to Answer Employees' Questions About the Culper Report Allegations

146.   Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 146 of the Amended Complaint.

147.   Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 147 of the Amended Complaint, including allegations describing purported statements attributed to "FE2."

148.    Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 148 of the Amended Complaint, including allegations describing purported statements attributed to "FE2."

149.    Defendants deny the allegations contained in paragraph 149 of the Amended Complaint. To the extent the allegations in paragraph 149 state a conclusion of law, no response is required.

## VIII.   LOSS CAUSATION

150.    Defendants deny the allegations contained in paragraph 150 of the Amended Complaint. To the extent the allegations in paragraph 150 state a conclusion of law, no response is required.

151.    Defendants deny the allegations contained in paragraph 151 of the Amended Complaint. To the extent the allegations in paragraph 151 state a conclusion of law, no response is required.

152.    Defendants deny the allegations contained in paragraph 152 of the Amended Complaint. To the extent the allegations in paragraph 152 state a conclusion of law, no response is required.

## IX.    CLASS ACTION ALLEGATIONS

153.    The allegations contained in paragraph 153 of the Amended Complaint state a conclusion of law to which no response is required.

154.    Defendants admit only that CleanSpark's shares traded on the NASDAQ during the Class Period.  Defendants deny the remaining allegations contained in paragraph 154 of the Amended Complaint.

29

155.    Defendants deny the allegations contained in paragraph 155 of the Amended Complaint. To the extent the allegations in paragraph 155 state a conclusion of law, no response is required.

156.    Defendants deny the allegations contained in paragraph 156 of the Amended Complaint. To the extent the allegations in paragraph 156 state a conclusion of law, no response is required.

157.    Defendants deny the allegations contained in paragraph 157 of the Amended Complaint. To the extent the allegations in paragraph 157 state a conclusion of law, no response is required.

158.    Defendants deny the allegations contained in paragraph 158 of the Amended Complaint. To the extent the allegations in paragraph 158 state a conclusion of law, no response is required.

159.    Defendants lack knowledge and information sufficient to form a belief as to which presumptions plaintiffs will rely upon.   Defendants deny the remaining allegations contained in paragraph 159 of the Amended Complaint. To the extent the allegations in paragraph 159 state a conclusion of law, no response is required.

160.    Defendants deny the allegations contained in paragraph 160 of the Amended Complaint. To the extent the allegations in paragraph 160 state a conclusion of law, no response is required.

161.    Defendants deny the allegations contained in paragraph 161 of the Amended Complaint. To the extent the allegations in paragraph 161 state a conclusion of law, no response is required.

X.    **APPLICABILITY OF PRESUMPTION OF RELIANCE (FRAUD-ON-THE-MARKET DOCTRINE)**

162.    Defendants deny the allegations contained in paragraph 162 of the Amended Complaint. To the extent the allegations in paragraph 162 state a conclusion of law, no response is required.

163.    Defendants deny the allegations contained in paragraph 163 of the Amended Complaint. To the extent the allegations in paragraph 163 state a conclusion of law, no response is required.

164.    Defendants admit only that CleanSpark's shares met the requirements for listing and were listed and actively traded on the NASDAQ, that CleanSpark filed periodic public reports with the SEC, that CleanSpark regularly communicated with the public, and that securities analysts employed by brokerage firms wrote reports about CleanSpark. Defendants deny the remaining allegations contained in paragraph 164 of the Amended Complaint. To the extent the allegations in paragraph 164 state a conclusion of law, no response is required.

165.    Defendants admit only that the market for CleanSpark's securities had promptly digested all information disclosed by or purported to be disclosed by the Culper Report prior to the publication of the Culper Report. Defendants deny the remaining allegations contained in paragraph 165 of the Complaint. To the extent the allegations in paragraph 165 state a conclusion of law, no response is required.

166.    Defendants deny the allegations contained in paragraph 166 of the Amended Complaint. To the extent the allegations in paragraph 166 state a conclusion of law, no response is required.

## XI.    NO SAFE HARBOR

167.    Defendants deny the allegations contained in paragraph 167 of the Amended Complaint. To the extent the allegations in paragraph 167 state a conclusion of law, no response is required.

## XII.    CAUSES OF ACTION

### FIRST CLAIM

168.    Defendants repeat and incorporate by reference all of the foregoing responses to the allegations in the Amended Complaint as if set forth fully herein.

169.    Defendants deny the allegations contained in paragraph 169 of the Amended Complaint. To the extent the allegations in paragraph 169 state a conclusion of law, no response is required.

170.    Defendants deny the allegations contained in paragraph 170 of the Amended Complaint. To the extent the allegations in paragraph 170 state a conclusion of law, no response is required.

171.    Defendants deny the allegations contained in paragraph 171 of the Amended Complaint. To the extent the allegations in paragraph 171 state a conclusion of law, no response is required.

172.    Defendants deny the allegations contained in paragraph 172 of the Amended Complaint. To the extent the allegations in paragraph 172 state a conclusion of law, no response is required.

173.    Defendants deny the allegations contained in paragraph 173 of the Amended Complaint. To the extent the allegations in paragraph 173 state a conclusion of law, no response is required.

174. Defendants deny the allegations contained in paragraph 174 of the Amended Complaint. To the extent the allegations in paragraph 174 state a conclusion of law, no response is required.

175. Defendants deny the allegations contained in paragraph 175 of the Amended Complaint. To the extent the allegations in paragraph 175 state a conclusion of law, no response is required.

176. Defendants deny the allegations contained in paragraph 176 of the Amended Complaint. To the extent the allegations in paragraph 176 state a conclusion of law, no response is required.

177. Defendants deny the allegations contained in paragraph 177 of the Amended Complaint. To the extent the allegations in paragraph 177 state a conclusion of law, no response is required.

178. Defendants deny the allegations contained in paragraph 178 of the Amended Complaint. To the extent the allegations in paragraph 178 state a conclusion of law, no response is required.

**SECOND CLAIM**

179. Defendants repeat and incorporate by reference all of the foregoing responses to the allegations in the Amended Complaint as if set forth fully herein.

180. Defendants deny the allegations contained in paragraph 180 of the Amended Complaint. To the extent the allegations in paragraph 180 state a conclusion of law, no response is required.

181. Defendants deny the allegations contained in paragraph 181 of the Amended Complaint. To the extent the allegations in paragraph 181 state a conclusion of law, no response is required.

182. Defendants deny the allegations contained in paragraph 182 of the Amended Complaint. To the extent the allegations in paragraph 182 state a conclusion of law, no response is required.

## XIII.   RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief prayed for against the Defendants in the Amended Complaint's prayer for relied at pages 76-77 of the Amended Complaint.

## XIV.   GENERAL DENIAL AND AFFIRMATIVE DEFENSES

Unless otherwise specifically admitted, Defendants deny each and every material allegation contained in the Amended Complaint.  Defendants further deny that any of Plaintiffs' rights were violated or that Plaintiffs suffered any damages as a consequence of Defendants' alleged actions or omissions.  Defendants also deny that Plaintiffs are entitled to any legal or equitable relief whatsoever.  Defendants, without admitting or denying any of the allegations in the Amended Complaint or assuming the burden of proof or any other burden on any issue of law or fact, assert the following separate and independent affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted and fails to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

34

## SECOND AFFIRMATIVE DEFENSE

Each cause of action in the Amended Complaint is barred, in whole or in part, by Plaintiffs' waiver.

## THIRD AFFIRMATIVE DEFENSE

Each cause of action in the Amended Complaint is barred, in whole or in part, by the principle of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Each cause of action in the Amended Complaint is barred, in whole or in part, by the principle of ratification.

## FIFTH AFFIRMATIVE DEFENSE

Each cause of action in the Amended Complaint is barred, in whole or in part, by the principle of laches.

## SIXTH AFFIRMATIVE DEFENSE

Each cause of action in the Amended Complaint is barred, in whole or in part, by reason of the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Each cause of action in the Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Each cause of action in the Amended Complaint is barred, in whole or in part, on the ground that there is no justiciable controversy between the parties.

## NINTH AFFIRMATIVE DEFENSE

Each cause of action in the Amended Complaint is barred, in whole or in part, because Plaintiffs did not sustain any injury or damage by reason of any act or omission by Defendants.

## TENTH AFFIRMATIVE DEFENSE

Each cause of action in the Amended Complaint is barred, in whole or in part, because Plaintiffs have failed to mitigate their damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

The Amended Complaint states duplicative causes of action that should be dismissed.

## TWELFTH AFFIRMATIVE DEFENSE

The injuries and damages alleged by Plaintiffs were caused in whole or in part by the negligence, recklessness, carelessness and /or culpable conduct of parties, persons, firms, corporations, or entities other than Defendants for whom Defendants are not responsible or liable, and not as a result of any negligence, recklessness, carelessness and /or culpable conduct on Defendants' part.  The amount of damages recovered, if any, shall therefore be diminished in proportion to the negligence, recklessness, carelessness and /or culpable conduct of any other entity or person who caused said damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to join a necessary, indispensable party or parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as moot.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not maintain this action as a class action.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants statements are not actionable pursuant to the safe harbor provisions of the Private Securities Litigation Reform Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any award of damages purportedly sustained by Plaintiffs must be reduced in accordance with the limitation on damages provision of 15 U.S.C. § 78u-4(e)

## RESERVATION OF RIGHTS

Defendants state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as-yet unstated, affirmative defenses available.  Defendants reserve their right to amend this answer and assert additional affirmative defenses and counterclaims in the event that discovery indicates that such assertion would be appropriate.

**WHEREFORE**, Defendants respectfully request judgment dismissing the Amended Complaint in its entirety, together with any other relief the Court deems proper, including attorneys' fees, interest according to law, and the costs and disbursements of this action.


DATED:      February 15, 2023
            New York, New York


                              WILK AUSLANDER LLP



                              By:    /s/Jay S. Auslander
                                     Jay S. Auslander
                                     Aari Itzkowitz
                                     Robert C. Reiland
                                     Michael Van Riper
                                     Worldwide Plaza
                                     825 Eighth Avenue – Suite 2900
                                     New York, NY 10036

(212) 981-2300 (phone)
(212) 752-6380 (fax)

*Attorneys for defendants CleanSpark, Inc.,*
*Zachary Bradford, and S. Matthew Schultz*