**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DARSHAN HASTHANTRA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CLEANSPARK, INC., ZACHARY BRADFORD, and S. MATTHEW SCHULTZ, <br><br> Defendants. | No. 1:21-cv-00511-LAP |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO**
**<u>EXCLUDE PORTIONS OF DAVID M. PONTE'S REPORT</u>**

**TABLE OF CONTENTS**

**Page**

I.   THE COURT SHOULD EXCLUDE IMPROPER FACTUAL NARRATIVE ...................... 1

    A.   Plaintiff Misconstrues Expert's Role ......................................................... 1

    B.   Plaintiff's Arguments Regarding Cherry-Picked Report Sections Fail
        For Additional Reasons As Well ................................................................ 3

II.  THE COURT SHOULD EXCLUDE PONTE'S OPINIONS ABOUT CLEANSPARK'S
    ALLEGED KNOWLEDGE AND CONDUCT ........................................................... 4

    A.   Ponte Improperly Opines on Defendants' Knowledge and Credibility ...................... 4

    B.   Ponte Improperly Opines on Legal Issues ................................................. 6

    C.   Ponte Is a Hearsay Conduit ...................................................................... 7

III. PLAINTIFF IMPROPERLY ATTEMPTS TO BURDEN-SHIFT ...................................... 10

IV. CONCLUSION ................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Abreu Bautista v.Pagan-Rodriguez*,
  No. 24-CV-631 (JMF), 2025 WL 1730213 (S.D.N.Y. June 23, 2025) ...................................3, 7

*Accent Delight Int'l Ltd. v. Sotheby's*,
  18-CV-9011 (JMF), 2023 WL 230719 (S.D.N.Y. Mar. 1, 2023) .................................1, 2, 3, 7

*B & R Supermarket, Inc. v. Visa Inc.*,
  17-CV-2738 (MKB), 2024 WL 4252031 (E.D.N.Y Sept. 20, 2024) ...................................... 9

*Cmty. Care Companions, Inc. v. Interim Healthcare, Inc.*,
  19-CV-4870 (PKC) (LGD), 2025 WL 929407 (E.D.N.Y. Mar. 27, 2025) ......................... 7

*Cmty. Care Companions, Inc. v. Interim Healthcare, Inc.*,
  19-CV-4870 (PKC) (LGD), 2025 WL 1616585 (E.D.N.Y. June 6, 2025) ......................... 7

*Colangelo v. Champion Petfoods USA, Inc.*,
  6:18-CV-1228 (LEK/ML), 2022 WL 991518 (N.D.N.Y. Mar. 31, 2022) ......................... 5

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ......................................................................................... 8

*Doe 3 v. Indyke*,
  24-cv-1204 (AS), 2025 WL 2642114 (S.D.N.Y. Sept. 15, 2025) ............................... 4

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
  801 F.Supp.3d 330 (S.D.N.Y. 2025) ....................................................... 2, 3, 7, 8

In re Libor-Based Fin. Instruments Antitrust Litig. v The Royal Bank of Scotland PLC,
  25-2756, 2025 WL 4092207 (2d Cir Dec. 10, 2025) .................................... 8

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
  725 F.3d 65 (2d Cir. 2013) .................................................................. 4

In re Payment Card Interchange Fee & Merch. Discount Antitrust Litig.,
  638 F. Supp. 3d 227 (E.D.N.Y. 2022) .......................................................... 9

*Kasuba v. Costco Wholesale Corp.*,
  710 F. Supp. 3d 122 (D. Conn. 2024) ........................................................... 6

*Keller v. ExxonMobil Oil Corp.*,
  No. 23-CV-1528-LTS, 2025 WL 771297 (S.D.N.Y. Mar. 11, 2025) .................... 10

*Makina Ve Kimya Endustrisi A.S. v. A.S.A.P. Logistics Ltd.*,
  22-CV-3933 (AS), 2024 WL 3638054 (S.D.N.Y. Aug. 2, 2024) ........................ 8

*Marvel Characters, Inc. v. Kirby*,
  726 F.3d 119 (2d Cir. 2013) ..................................................................... 8

*Paradowski v. Champion Petfoods USA, Inc.*,
  22-962-CV, 2023 WL 3829559 (2d Cir. June 6, 2023) ................................. 5

*PharmacyChecker.com v Nat'l Ass'n of Bds. of Pharmacy*,
  19-CV-7577 (KMK), 2023 WL 2973038 (S.D.N.Y. Mar. 28, 2023) .................. 6

*PharmacyChecker.com LLC v Nat'l Ass'n of Bds. of Pharmacy*,
  19-CV-7577 (KMK), 2023 WL 4492148 (S.D.N.Y. June 5, 2023) ................... 7

*Sec. & Exch. Comm'n. v. Am. Growth Funding II, LLC*,
  16-CV-8, 28 (KMW), 2019 WL 1772509 (S.D.N.Y. Apr. 23, 2019) .................... 4

*Scentsational Techs., LLC v. Pepsi, Inc.*,
  13-CV-8645 (KBF), 2018 WL 1889763 (S.D.N.Y. Apr. 18, 2018) ...................... 1, 2

*ScentSational Techs. LLC v. PepsiCo., Inc.*,
  773 Fed. Appx. 607 (Fed. Cir. 2019)......................................................................1, 2
*Scott v. Chipotle Mexican Grill, Inc.*,
  315 F.R.D. 33 (S.D.N.Y. 2016)....................................................................................3
*United States v. Mejia*,
  545 F.3d 179 (2d Cir. 2008) .........................................................................................8
*United States v. Smith*,
  806 F. Supp. 3d 382 (S.D.N.Y. 2025) .........................................................................8
*United States v. Locascio*,
  6 F.3d 924, 937 (2d Cir. 1993) .....................................................................................9
*ValveTech, Inc. v Aerojet Rocketdyne, Inc.*,
  17-CV-6788-FPG, 2023 WL 7210349 (W.D.N.Y. Nov. 2, 2023) ...............................8
*Wells Fargo Bank, N.A. v. U.S. Life Ins. Co. in City of New York*,
  22 CIV. 8606 (JPC), 2025 WL 2220948 (S.D.N.Y. Aug. 4, 2025)..............................7

**Rules**

Federal Rules of Evidence 702 ......................................................................................10
Federal Rules of Evidence 703 ...................................................................................8, 9

## I.    THE COURT SHOULD EXCLUDE IMPROPER FACTUAL NARRATIVE

In Section II of the Moving Brief, [1] Defendants show that most of Ponte's Report consists of unabashed, inadmissible factual narrative that purports to summarize the Complaint's allegations, deposition transcripts, and other documents he reviewed. This is contrary to well-established law holding that experts may not act as mouthpieces for counsel, nor as factfinders. *See, e.g.*, *Accent Delight Int'l Ltd. v. Sotheby's*, 18-CV-9011 (JMF), 2023 WL 2307179, at *29 (S.D.N.Y. Mar. 1, 2023) (expert may not "invade the province of the jury" or do "counsel's job in summation"); *Scentsational Techs., LLC v. Pepsi, Inc.*, 13-CV-8645 (KBF), 2018 WL 1889763, at *4 (S.D.N.Y. Apr. 18, 2018), *aff'd sub nom. ScentSational Techs. LLC v. PepsiCo., Inc.*, 773 Fed. Appx. 607 (Fed. Cir. 2019) (it is "inappropriate for experts to act as a vehicle to present a factual narrative of interesting or useful documents for a case"); Mov. Br. at 5.

### A.  Plaintiff Misconstrues Expert's Role

Plaintiff's response fundamentally misunderstands the role of an expert. Essentially, Plaintiff argues – in a passage devoid of legal authority -- that Ponte *had* to spend pages of his Report purporting to describe emails, testimony, contracts, and other documents because it would have been impossible for him to reliably perform his "analysis" without doing so; the only alternative, Plaintiff claims, "would be an abstract lecture on CPM scheduling divorced from the actual project." Opp. at 8.

But it is for *counsel* to sum up the relevant evidence and for the *jury* to decide what that evidence shows. *See* above. Moreover, Plaintiff's argument implicitly admits that the Report "crosses th[e] line[]" into his counsel's and the jury's roles, given that Plaintiff implicitly concedes

---

[1] "Moving Brief" or "Mov. Br." is Defendants' initial memorandum of law dated December 12, 2025 (ECF 112). All capitalized terms have the same meanings as in the Moving Brief unless otherwise defined herein.

– on page 8 and throughout the Opposition, *see, e.g.*, Section II.A – that Ponte is not "offering general opinions about" industry standards but rather is "offering specific opinions about the facts in this case." *Accent Delight*, 2023 WL 2307179, at \*28. *See also In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 801 F.Supp.3d 330, 381 (S.D.N.Y. 2025) (although "an expert can aid the jury with his opinions on hypothetical facts, from which plaintiff can argue that the jury should draw certain inferences…an expert cannot inform the jury that based on the evidence defendants likely engaged in" particular conduct) (internal quotation marks omitted).

Further, the Report contradicts Plaintiff's characterization of it: very little "expert" opinion appears anywhere in the Report, the majority of which is instead devoted to "accumulating and putting together…[Plaintiff's] 'story.'" *Scentsational Techs., LLC v. Pepsi, Inc.*, 13-CV-8645 (KBF), 2018 WL 1889763, at \*4 (S.D.N.Y. Apr. 18, 2018), *aff'd*, *sub nom. ScentSational Techs. LLC v. PepsiCo, Inc.*, 773 Fed. Appx. 607 (Fed. Cit. 2019). By "merely rehash[ing] evidence in the case without providing any expert analysis," Ponte again "crosses…red lines." *Accent Delight,* 2023 WL 2307179, at \*28.

Further, Plaintiff's ineffective efforts to distinguish *Accent Delight,* 2023 WL 2307179, and *Scentsational,* 2018 WL 1889763 (Opp. at 9-10, n.3) do little more than highlight that the inadmissible expert testimony in those cases is on point with the opinions at issue here. For example, the expert in *Accent Delight*, "describe[d] the contents of invoices and emails," "opine[d] on the inferences to be drawn from such evidence," and opined about defendant's knowledge based on emails, 2023 WL 2307179, at \*28 – just as Ponte does. *See* Mov. Br. at 13. Similarly, contrary to Plaintiff's argument, the legal conclusions at issue in *Scentsational* as well as the experts' inadmissible rambles into areas beyond their expertise in that case and in *Accent Delight* are not

2

points of distinction: Ponte likewise advances legal conclusions and opines on issues beyond his area of expertise, as Defendants show in the Moving Brief at 11-13.

### B. Plaintiff's Arguments Regarding Cherry-Picked Report Sections Fail for Additional Reasons as Well

In addition, Plaintiff ignores most of the Report sections that Defendants demonstrate in the Moving Brief are inadmissible factual narrative, *i.e.*, Mov. Br. at Section II. As for the Report pages that Plaintiff discusses, his self-serving rendition of those cannot obscure that they consist almost entirely of factual summary of discovery materials.

Moreover, even the particular "conclu[sions]" that Plaintiff cherry-picks for the Opposition illustrate Ponte's improper fact-finding. *See* Opp. at 10(1) (referring to purported status of "target delivery milestones" and interpreting Power Sales Agreement); Opp. at 11(3) ("Ponte's discussion of ForeSite's engagement timing," including Ponte's "opinion that CleanSpark lacked a professionally managed baseline schedule and, consequently, a technically sound basis for the aggressive completion timelines it communicated"); Opp. at 12(4) (stating what invoices purportedly "reflect" and claiming that Ponte "relies on objective progress indicators to make a technical feasibility inference").[2] Certainly, these are a far cry from the kind of "opinions on *hypothetical* facts" that courts permit. *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 801 F.Supp.3d 330, 381 (S.D.N.Y. 2025). Further, although an expert may testify regarding industry standards, it is for the jury to apply those standards to the evidence at hand. *See Abreu Bautista v.Pagan-Rodriguez*, No. 24-CV-631 (JMF), 2025 WL 1730213, at *2 (S.D.N.Y. June 23, 2025) (cited in Mov. Br. at 4).[3] And the cases Plaintiff cites, Opp. at 9, are not to the contrary. *See Scott*

---

[2] Also, Plaintiff's discussion includes numerous statements regarding purported construction management practices, Opp. at 5, 12(4), and "forensic project controls technique", Opp. at 12(4), but Plaintiff cites nothing at all in support.

[3] Notably, Plaintiff fails to identify how Ponte's purported application of "standard project management principles," such as "CPM-based analysis of baseline schedule validity,", Opp. at 10,

*v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 45 (S.D.N.Y. 2016); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 725 F.3d 65, 114 (2d Cir. 2013).

The Opposition does isolate three sentences from Report Section IV(B) that appear to opine on general construction management standards. Opp. at 11(2) (quoting "In a well-managed project….project status to external stakeholders."). As Defendants convey in the Moving Brief, they are not at this stage seeking to exclude Ponte's testimony concerning general construction management standards, Mov. Br. at 1; accordingly, they do not seek exclusion of these three sentences from the Report.

## II. THE COURT SHOULD EXCLUDE PONTE'S OPINIONS ABOUT CLEANSPARK'S ALLEGED KNOWLEDGE AND CONDUCT

### A. Ponte Improperly Opines on Defendants' Knowledge and Credibility

In the Moving Brief, Defendants point to numerous specific instances in the Report in which Ponte opines on Defendants' knowledge, intent, or credibility. Mov. Br. at Section III (A). And Defendants demonstrate, citing well-established precedent, that such opinions are inadmissible. *See, e.g., Doe 3 v. Indyke*, 24-cv-1204 (AS), 2025 WL 2642114, at *3 (S.D.N.Y. Sept. 15, 2025) (expert may not "offer testimony on what defendants knew or should have known, which is for the jury to figure out"); *Sec. & Exch. Comm'n. v. Am. Growth Funding II, LLC*, 16-CV-8, 28 (KMW), 2019 WL 1772509, at *1 (S.D.N.Y. Apr. 23, 2019) ("[o]pinions concerning state of mind are an inappropriate topic for expert opinion") (internal quotation marks omitted).

In the Opposition, Plaintiff does not dispute these points of law in response or even engage with the cited cases' treatment of them. Instead, Plaintiff vaguely claims that Defendants' argument "mischaracterizes…the substance and methodology of [Ponte's] testimony" and insists that Ponte

---

is relevant to this case. Plaintiff is asserting claims under Section 10(b) of the Securities Exchange Act of 1934 and Section 20(a) of the Exchange Act, AC ¶15, and thus must, among other things, prove particularly willful or reckless, materially false statements or omissions.

"does not offer opinions about credibility or state of mind." Opp. at 12. But review of the Moving Brief and of Ponte's Report easily disproves Plaintiff's assertions: Defendants directly quote from Ponte's own language in the Report, *e.g.*, Mov. Br. at 10, which expressly opines on Defendants' knowledge, intent, and credibility. *See*, *e.g.*, Report Section IV(F) ("[t]his disconnect significantly diminishes the reliability and credibility of [Bradford's] public statements"); V ("it is my professional opinion that CleanSpark and its project leadership…exhibited a complete disregard for known risks, constraints, and feasibility limitations"); *id.* ("Internal documents make clear that project leadership was aware of these substantial and foreseeable obstacles well before the publicly promoted completion dates.").

Moreover, Plaintiff's various tortuous efforts to evade its own expert's statements, *see*, *e.g.*, Opp. at 13 (claiming that particular Report statement "is an observation about the project record, not a credibility determination") serve only to emphasize that Ponte's Report "does not utilize [Ponte's] expertise but rather is comprised of a summary of internal documents that a jury would be equally qualified to review," *Colangelo v. Champion Petfoods USA, Inc.*, 6:18-CV-1228 (LEK/ML), 2022 WL 991518, at *15 (N.D.N.Y. Mar. 31, 2022), *aff'd sub nom. Paradowski v. Champion Petfoods USA, Inc.*, 22-962-CV, 2023 WL 3829559 (2d Cir. June 6, 2023), as Defendants show in the Mov. Br. at 11. Not only does this improperly "usurp the jury's function," *see, e.g.*, *Accent Delight*, 2023 WL 2307179, at *28, but it creates the danger of prejudicing the jury – which Rule 403 prohibits, *see* Mov. Br. at 4-5 – given that Plaintiff is presenting Ponte as an expert. *See* above at Section I.

Finally, Plaintiff fails to dispute Defendants' argument, Mov. Br. at 11, that Ponte's failure to "ground most of these opinions on any specific experiences derived from his background" renders them inadmissible "*ipse dixit … as well.*" *Accent Delight*, 2023 WL 2307179, at *28.

**B.  Ponte Improperly Opines on Legal Issues**

In the Moving Brief at Section III(C), Defendants demonstrate yet another ground for inadmissibility: Ponte's repeated legal conclusions. *See, e.g.*, *PharmacyChecker.com v Nat'l Ass'n of Bds. of Pharmacy*, 19-CV-7577 (KMK), 2023 WL 2973038, at *15 (S.D.N.Y. Mar. 28, 2023) (Second Circuit mandates "exclusion of expert testimony that expresses a legal conclusion") (internal quotation marks omitted), *cert. denied sub nom. PharmacyChecker.com LLC v Nat'l Ass'n of Bds. of Pharmacy*, 19-CV-7577 (KMK), 2023 WL 4492148 (S.D.N.Y. June 5, 2023).

For example, Ponte opines that CleanSpark's conduct was unreasonable or "fall[s] well below the standard of care", *e.g.*, Report at 5, 27, 29, that certain unspecified statements by Defendants were without "reasonable" basis, *e.g.* Report at 8, 24, that certain circumstances were "foreseeable", *e.g.* Report at 26, 27; that the terms of the Power Sales Agreement "introduce[] ambiguity regarding the parties' respective expectations and obligations" Report at 13; and that there was a "*material* disconnect between the public representations advanced by company leadership and the internal realities…." Report at 25; *see* also Report at 5 (emphasis added).

In response, Plaintiff claims that these are not really legal conclusions because their context purportedly shows "that these terms are used in their ordinary project management sense." Opp. at 14. Plaintiff cites no authority for this position, however.[4] To the extent he means to argue that an expert must explicitly "invoke, apply, or opine on" law for their opinions to constitute legal conclusions, Plaintiff is wrong. *See PharmacyChecker.com*, 2023 WL 2973038, at *15 (Second Circuit mandates "exclusion of expert testimony that expresses a legal conclusion") (internal quotation marks omitted), *cert. denied sub nom. PharmacyChecker.com LLC v Nat'l Ass'n of Bds.*

---

[4] Further, *Kasuba v. Costco Wholesale Corp.*, 710 F. Supp. 3d 122, 127 (D. Conn. 2024), which Plaintiff cites for the proposition that expert testimony concerning "the standard of care" is sometimes necessary, Opp. at 14, does not advance his position.

*of Pharmacy*, 19-CV-7577 (KMK), 2023 WL 4492148 (S.D.N.Y. June 5, 2023). Moreover, courts have frequently found that conclusions similar to those here are inadmissible legal conclusions. *See  LIBOR-Based Fin. Instruments Antitrust Litig.*, 801 F.Supp.3d 330 at 381. *See also Abreu*, 2025 WL 1730213, at *4 (opinion that individual exhibited road rage was irrelevant and thus inadmissible, given that it was based on video evidence; "[t]he jury…is capable of observing the video evidence and drawing conclusions therefrom for itself.").

Moreover, Plaintiff ignores Defendants' argument, Mov. Br. at 4, 12, that Ponte's opinions improperly usurp the jury's role by "undertaking to tell the jury what result to reach [and] attempting to substitute the expert's judgment for the jury's." *Wells Fargo Bank, N.A. v. U.S. Life Ins. Co. in City of New York*, 22 CIV. 8606 (JPC), 2025 WL 2220948, at *23 (S.D.N.Y. Aug. 4, 2025). Although Ponte "can aid the jury with his opinions on *hypothetical* facts," *LIBOR-Based Fin. Instruments Antitrust Litig.*, 801 F.Supp.3d 330 at 381 (emphasis added), here he does the opposite: Ponte concludes that the evidence shows that certain circumstances or conduct in this very case were "foreseeable" or "material" or "reasonable" or below a "standard of care," or that a particular contract created "ambiguity." *See* above at 6. But it is for the jury, not Ponte, to review the evidence and "draw conclusion[s] therefrom for itself." *Abreu*, 2025 WL 1730213, at *4. Once again, Ponte "crosses [the] line." *Accent Delight*, 2023 WL 2307179, at *28.

### C. Ponte Is a Hearsay Conduit

Courts do not permit "inadmissible hearsay masquerading as expert opinion." *Cmty. Care Companions, Inc. v. Interim Healthcare, Inc.*, 19-CV-4870 (PKC) (LGD), 2025 WL 929407, at *12 (E.D.N.Y. Mar. 27, 2025), *reconsideration denied,* 19-CV-4870 (PKC) (LGD), 2025 WL 1616585 (E.D.N.Y. June 6, 2025). Defendants establish in the Moving Brief that much of Ponte's Report is also inadmissible because it renders him "a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis for his testimony." *Marvel Characters,*

*Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013). In response, Plaintiff argues that Ponte's discussion of hearsay is permissible under FRE 703. Opp. at 15-16. That fails for three reasons.

First, an expert may not act as a "conduit" for hearsay, FRE 703 notwithstanding. *See LIBOR-Based Fin. Instruments Antitrust Litig.*, 801 F Supp 3d 330 at 367, *appeal dismissed sub nom. In re Libor-Based Fin. Instruments Antitrust Litig. v The Royal Bank of Scotland PLC*, 25-2756, 2025 WL 4092207 (2d Cir Dec. 10, 2025); *see also United States v. Smith*, 806 F. Supp. 3d 382, 411 (S.D.N.Y. 2025) (acknowledging FRE 703 but holding that "an expert may not 'simply transmit that hearsay to the jury'") (quoting *United States v. Mejia*, 545 F.3d 179, 197 (2d Cir. 2008)). Where an expert merely repeats hearsay evidence without "meaningfully employ[ing] his independent expertise," that is inadmissible. *See ValveTech, Inc. v Aerojet Rocketdyne, Inc.*, 17-CV-6788-FPG, 2023 WL 7210349, at *4 (W.D.N.Y. Nov. 2, 2023). *See also Makina Ve Kimya Endustrisi A.S. v. A.S.A.P. Logistics Ltd.*, 22-CV-3933 (AS), 2024 WL 3638054, at *12 (S.D.N.Y. Aug. 2, 2024) (plaintiff "is just using [expert] to skirt the rules of evidence by having her relay double hearsay to the jury on an issue of historical fact as to which her expert opinion would not be permitted").[8] And that is exactly what Ponte does here. *See, e.g.*, Report Section IV.B.2 (repeating the content of emails and deposition testimony without expert analysis).

Second, even putting that aside, Plaintiff fails to establish that FRE 703 applies at all given that he makes no showing that its prerequisites are met. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993) ("Rule 703 provides that expert opinions based on otherwise inadmissible hearsay are to be admitted *only if the facts or data are 'of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject.'*") (emphasis added). But the Opposition does not cite any source showing that experts in Ponte's field "would reasonably rely on" the kinds of materials he reviewed to "form[] an opinion

on the subject." In fact, the only case Plaintiff cites on this issue is the inapposite *United States v. Locascio*, a Racketeer Influenced Corrupt Organizations Act case in which a highly credentialed former FBI agent testified regarding organized crime families. 6 F.3d 924, 937 (2d Cir. 1993). There, unlike here, there was "little question that law enforcement agents routinely and reasonably rely upon … hearsay in the course of their duties." *Id.* at 938.

Moreover, even where that initial prerequisite is met, a higher standard applies to *disclosure* by the expert of the hearsay material: "the proponent of the opinion may disclose [the otherwise inadmissible] "facts or data" "*only* if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." FRE 703 (emphasis added). *See also In re Payment Card Interchange Fee & Merch. Discount Antitrust Litig.*, 638 F. Supp. 3d 227, 254 (E.D.N.Y. 2022) ("the expert can disclose the hearsay only if its probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect") (quotation marks and citations omitted). Here, the Opposition does not even explain what the "probative value" of Ponte's opinions is in this Section 10(b) case, *see* above at 9, let alone demonstrate that such "value … substantially outweighs" the prejudice inherent in introducing hearsay evidence, so as to justify the expert's disclosure of it. *See Payment Card,* 638 F. Supp. 3d 227 at 254; *B & R Supermarket, Inc. v. Visa Inc.*, 17-CV-2738 (MKB), 2024 WL 4252031, at *26 (E.D.N.Y Sept. 20, 2024) (expert "may not convey…[Visa executive's hearsay] views to the jury simply because she is an expert on EMV migration").

As for Plaintiff's argument that certain materials (Ms. DeKalb's deposition testimony, the Power Agreement, and related meeting notes relating to third party City of College Park) are not hearsay at all because he does not rely on them for the truth of the matters they assert, Opp. at 16, that is unavailing both because: (i) the Report shows that Ponte *does* rely on them for their truth

9

*see* Report at 12-20 and (ii) in any event, *Plaintiff* relies on them for their truth, Opp. at *e.g.*, Section II.A.

### III.    PLAINTIFF IMPROPERLY ATTEMPTS TO BURDEN-SHIFT

The Opposition concludes with a section claiming that Defendants "remaining objections go to weight, not admissibility." Opp. at 17 (capitalization removed). Since Plaintiff does not bother to identify those "remaining objections," it is unclear to which he is referring; in any event, Defendants have shown under prevailing law that Ponte's Report is inadmissible under FRE 702 (other than the portions describing construction project management standards to which Defendants' motion is not directed, *see* Mov. Br. at 13). And review of the Moving Brief easily disproves Plaintiff's lackluster suggestion that maybe some of Defendants' arguments are merely disagreements with Ponte's conclusions. Opp. at 17.

Moreover, Plaintiff's unsupported implication that motion denial is appropriate because Defendants have not deposed Ponte or offered a competing construction expert, Opp. at 17; *see also* Opp. at 2, 5, fundamentally misconstrues the applicable burden here. It is *Plaintiff* who bears the burden of demonstrating that Ponte's opinions are admissible. *See, e.g., Keller v. ExxonMobil Oil Corp.*, No. 23-CV-1528-LTS, 2025 WL 771297, at *8 (S.D.N.Y. Mar. 11, 2025) ("Plaintiff has not met his burden of demonstrating by a preponderance of the evidence that [expert's] testimony" satisfies Federal Rule of Evidence ("FRE") 702); Mov. Br. at 4. And because Plaintiff fails to satisfy his burden, exclusion is mandatory. *See id.* (expert's "testimony must be excluded"); FRE 702, Advisory Committee Comments (2023 Amendment) ("expert testimony *may not be admitted unless* the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule") (emphasis added).

What is more, Plaintiff does not even begin to explain what value a deposition or competing expert would have brought to Defendants' Motion: the inadmissibility of Ponte's opinions at issue in the Motion is plainly evident from a review of prevailing law and the Report itself.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude the following sections of the Report, as well as any related testimony: Sections II, III, IV(B), IV(C), IV(D), IV(F), IV(G), V.

Respectfully Submitted,

Dated:  New York, New York
        March 3, 2026

WILK AUSLANDER LLP

/s/ David J. Partida
Jay S. Auslander
Aari Itzkowitz
David J. Partida
Worldwide Plaza
825 Eighth Avenue, Suite 2900
New York, New York 10019
Tel: 212-981-2313

*Attorneys for Defendants CleanSpark, Inc.,*
*Zachary Bradford, and S. Matthew Schultz*

11