

David J. Partida
Associate
212.981.2313
dpartida@wilkauslander.com

July 20, 2026

**VIA ECF**

Honorable Loretta A. Preska
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: ***Hasthantra v. CleanSpark, Inc.*, No. 21-cv-511 (LAP)**

Dear Judge Preska:

On behalf of Defendants, we write in response to Plaintiff's July 15, 2026 letter requesting a pre-motion conference regarding a proposed "motion for leave to serve an amended Merits Report" of Dr. Bozanic ("Bozanic"),[1] whose reports and testimony this Court excluded on June 30, 2026. (ECF 122-1). No conference is needed because Plaintiff has not identified any legitimate basis for such a motion. *See* Judge Preska's Individual Practices 2(A).

The Court correctly excluded Bozanic's reports and testimony after carefully considering the parties' extensive *Daubert* motion submissions and oral argument. Now Plaintiff wants a do-over. But courts overwhelmingly deny similar requests. *See*, *e.g.*, *Exist, Inc. v. Tokio Mar. Am. Ins. Co.*, 2023 WL 7117369, at *1, *4 (S.D.N.Y. Oct. 5, 2023) (denying application to serve amended expert report that would replace one "that failed the test of" FRCP 702 and *Daubert*, and collecting

---

[1] Actually, Plaintiff seeks to enter two new reports (ECF 122-2, 122-3).

825 Eighth Avenue  |  Suite 2900  |  New York, NY 10019
212.981.2300    |    Fax 212.752.6380                    wilkauslander.com



Hon. Loretta A. Preska
July 20, 2026
Page 2

cases); *Lippe v. Bairnco Corp.*, 249 F. Supp. 2d 357, 386 (S.D.N.Y. 2003) ("Plaintiffs do not get a 'do-over.'"), *aff'd*, 99 F. App'x 274 (2d Cir. 2004).

Further, Plaintiff's appeal to the Court's discretion is a transparent attempt to circumvent the strict requirements of a motion for reconsideration. *See*, *Lee v. Delta Air Lines, Inc.*, 2025 WL 2463593, at *1 (S.D.N.Y. Aug. 27, 2025) (motion due within 14 days of order's entry; "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked").

Moreover, Plaintiff does not satisfy the "good cause" requirement of Federal Rule of Civil Procedure ("FRCP") 16(b)(4) – or even mention it – although expert report deadlines passed long ago (ECF 100). *See Exist,* 2023 WL 7117369, at *3 ("question is whether plaintiff has shown good cause, as required by Rule 16(b)(4), to reopen the discovery schedule so that it can serve a new expert report in hopes of meeting the admissibility standards of Rule 702 and *Daubert* on its second try"); *Suffolk Co. Water Auth. v. Dow Chem. Co. and Vibrantz Corp.*, 2026 WL 1980920, at *3-4 (E.D.N.Y. July 1, 2026) (treating application as "Rule 16(b)(4) motion"). Good cause depends largely on the moving party's diligence. *See, Exist*, 2023 WL 7117369, at *3.

Plaintiff cannot demonstrate diligence. Like all parties since *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), Plaintiff "had notice of the exacting standards of reliability [expert] evidence must meet." *Weisgram v. Marley Co.*, 528 U.S. 440, 455-56 (2000). In addition, Plaintiff has been on notice since February 27, 2025 when Defendants challenged Bozanic's methodology and analysis during his first deposition. (ECF 108-2 at 31, 79, 143). Defendants continued to challenge Bozanic's methodology and analysis, including the 50% statistical significance threshold Bozanic advocated in his now-excluded reports, in the rebuttal report provided by Garmaise dated September 12, 2025. (ECF 108-5). Yet, Plaintiff did not seek to revise the reports then, or in response to Defendants' subsequent Daubert motion; it was only after the Court ruled on June 30, 2026, that Plaintiff sought to "amend" them. Such tactical decisions are not diligence. *See Exist*, 2023 WL 7117369, at *3 (plaintiff "fail[ed] to explain why" new information was not in original report); *Suffolk*, 2026 WL 1980920, at *3-4 ("they served supplemental reports to remedy these deficiencies only in response to this court's *Daubert* rulings").



Hon. Loretta A. Preska
July 20, 2026
Page 3

Further, Plaintiff's contention that prejudice to Defendants would be "slight" – like his claim that Bozanic's new expert reports would somehow "streamline[]" this case – is outlandish at best. Having already expended significant time, fees, and effort on comprehensively addressing Bozanic's previous reports – including by deposing Bozanic, engaging their own expert, and preparing a comprehensive Daubert motion – Defendants would be thrust back to square one. Moreover, Defendants would need to depose Bozanic a third time, provide a new rebuttal report, and engage in another round of Daubert briefing. The proposed "amended" reports: (i) revoke massive portions of Bozanic's opinions, e.g., changing a four-corrective disclosure theory claiming total artificial inflation of $11.69/share to a one-disclosure theory claiming artificial inflation of $1.49/share; (ii) introduce additional reliability concerns, e.g., by stating, despite massive changes, that nothing has caused Bozanic to "change any of the opinions expressed in my Prior Reports and I continue to hold those opinions" (ECF 122-3 ¶ 3); and (iii) fail to address those Daubert motion arguments that the Court did not reach given its exclusion of Bozanic's opinions on the grounds it identified on June 30. Thus, Plaintiff's proposed "amendment" would seriously prejudice Defendants. See, *Suffolk*, 2026 WL 1980920, at *5 (prejudice from more *Daubert* motions, depositions, and case delay "is too great to justify affording [Plaintiff] an opportunity to fix a problem of [his] own making"). Notably, the *Harrington* case on which Plaintiff relies imposes wholesale cost-shifting on the party seeking the new report, to minimize prejudice.[2]

Finally, Plaintiff's reliance on the factors in *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F. 3d 955 (2d Cir. 1997) is misplaced: (i) those apply to the question of preclusion under FRCP 37(c) as a sanction for failing to properly supplement as required by FRCP 26(e), *see Suffolk*, 2026 WL 1980920, at *4; and (ii) in any event, the *Softel* factors do not weigh in favor of Plaintiff. *See, In re Bear*

---

[2] *See Harrington Global Opportunity Fund, Ltd. v. BOFA Secs., Inc.*, 2026 WL 836248, at *35, which, further, is distinguishable: (i) the excluded expert's analysis was based on faulty *legal* assumptions; (ii) the plaintiff asked to submit a "supplemental report" before the Court granted exclusion; and (iii) the parties apparently did not raise FRCP 16(b)(4). *Id.* at *25, 28, 31, 34. *See Suffolk*, 2026 WL 1980920, at *5 n.3 ("the *Harrington* court's exercise of discretion on the facts before it does not persuade me on the facts presented here").



Hon. Loretta A. Preska
July 20, 2026
Page 4

*Stearns Companies, Inc. Sec., Derivative, and ERISA Litig.*, 263 F. Supp. 3d 446, 449 (S.D.N.Y. 2017) (striking revised loss causation and damages report).

What Plaintiff is proposing is the ultimate "reverse-engineering" – a dramatic revocation of an expert's sworn opinions in an attempt to advance Plaintiff's interests in this litigation, resulting in waste, delay, and prejudice to Defendants. Defendants respectfully request that the Court deny Plaintiff's request for a pre-motion conference as well as his underlying request to file a motion for leave to serve new expert reports.

Respectfully Submitted,

_____
David J. Partida

cc:    All counsel (via ECF)