UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARSHAN HASTHANTRA,
Individually and on Behalf of
Others Similarly Situated,

Plaintiff,

-against-

CLEANSPARK, INC., et. al,

Defendants.

No. 21-CV-511 (LAP)

OPINION & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Plaintiff seeks to file a "motion for leave to serve an amended Merits Report for Dr. Zahn Bozanic, to address the issues raised at the Court's June 30, 2026, [] conference." (Dkt. no. 122 at 1, see also dkt. no. 126.) Defendants oppose. (See dkt. no. 125.) For the reasons set forth below, Plaintiff's request is DENIED.[1]

After briefing and oral argument on the matter, the Court previously granted Defendants' motion to preclude the reports and testimony of Plaintiff's proposed expert, Dr. Zahn Bozanic, pursuant to Federal Rule of Evidence 702. (See dkt. nos. 107, 123 at 28.) Specifically, the Court concluded that Dr. Bozanic's

[1] The Court has determined that it can resolve the underlying issue in the parties' pre-motion conference letters without further briefing or argument on the matter. See Dietz v. Bouldin, 579 U.S. 40, 47 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases").

Merits Report is not the product of reliable principles and methods because his opinions depend fundamentally on his use of a 50 percent confidence level[2] as the threshold for statistical significance and he did not apply that threshold consistently throughout his work product. (Dkt. nos. 123 at 26-27.) Notably, the Court found that:

> Dr. Bozanic himself admitted in deposition that "a 50 percent level is not the convention in academic literature," and he acknowledged that a P-value of 0.05 (a 95 percent confidence level) is "a reasonable and conventionally used statistical cutoff." Moreover, his own reply Merits Report acknowledge[d] that conventional cutoffs include "the 90 percent, 95 percent, or 99 percent level."

(Id. at 26) (citations omitted.)

Plaintiff now seeks a second bite at the apple to "address the issues the Court identified." (Dkt. no. 122 at 2.) Plaintiff, however, does not "get a do-over." Suffolk Cnty. Water Auth. v. Dow Chem. Co., 837 F.Supp. 3d 491, 497 (E.D.N.Y. 2026) (quotation

[2] Astonishingly, Plaintiff continues to assert that it is incorrect to "contend that Dr. Bozanic 'advocated' a '50% statistical significant threshold'" in his Merits Report. (See ECF 126 at 1.) This assertion is belied by the plain text of the Merits Report. For example, paragraph 69 of the report says, "Overall, the Corrective Disclosure Events caused stock price movements that were statistically significant at better than the 50% level . . . ." (ECF No. 108-4 ¶ 69). Similarly, paragraph 78 says, "Exhibit 3 summarizes the results of the event study I conducted on the Corrective Disclosure Events, demonstrating that each alleged corrective disclosure listed in the table exhibits a negative price reaction, and is statistically significant at the 50% level or better." (ECF No. 108-4 ¶ 78). Paragraph 117 says that a "single day price decline is statistically significant at the 57.2% confidence level." (ECF No. 108-4 ¶ 78).

marks and citation omitted).

Under Rule 16, a discovery schedule "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). In determining whether to permit such a modification, "the primary consideration is whether the moving party can demonstrate diligence." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007). Another relevant factor includes prejudice to the non-moving party. Id.

Here, the Court finds that there is not good cause to modify the discovery schedule. This case has been pending since 2021, (see ECF 1), Dr. Bozanic testified that his own statistical threshold was not the convention in academic literature in October 2025, (see ECF 108-7 at 427:22-24), and Defendants moved to exclude Dr. Bozanic's report in December 2025, (see ECF 107). Yet Plaintiff did nothing to remedy the exceedingly obvious defects in Dr. Bozanic's Merits Report until after the Court excluded it. Plaintiff cannot show diligence based on these facts.

In addition, the Court finds that allowing Plaintiff to attempt to remedy the Merits Report would prejudice Defendants by prolonging the litigation and increasing defense costs. See Suffolk Cnty. Water Auth., 837 F. Supp. 3d at 498-99 ("[T]he prejudice that would result to [the opposing party] from another round of Daubert motions and depositions, and the ensuing delay to the case schedule, is too great to justify affording [the moving

party] an opportunity to fix a problem of their own making.”).

Accordingly, Plaintiff’s request for leave to serve an amended report is DENIED, and the Court finds that there is no need for a conference on the matter. The Parties shall confer and inform the Court how they wish to proceed within two weeks of the date of this order.

**SO ORDERED.**

Dated: October 14, 2026
New York, New York

LORETTA A. PRESKA
Senior United States District Judge